■ GERARD R. LEAR, as Administrator of the Estate of SITTAMPALAM M. RATNAM, Deceased, et al., Respondents, v UPALI (USA) INC. et al., Defendants, and GATES LEARJET CORP., Appellant. [613 NYS2d 367] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered July 7, 1993, which, insofar as appealed from, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

In an action for wrongful death arising out of the unexplained, in-flight disappearance of a recently purchased corporate jet manufactured by appellant and on which plaintiffs' decedent was a passenger, we agree with the IAS Court that the doctrine of res ipsa loquitur applies to permit an inference of negligence on appellant's part (see generally, *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-227). As for the element of control, the proof that appellant had trained the pilot is sufficient to the extent that plaintiffs claim pilot error, and, to the extent that they claim that the aircraft was defective, it is sufficient that appellant had manufactured it and that its Far East distributor maintained it. Concur—Carro, J. P., Rosenberger, Kupferman, Nardelli and Tom, JJ.

■ AETNA CASUALTY & SURETY COMPANY (FRANCIS SHAPIRO), Appellant, v CHONG KIM, Respondent. [614 NYS2d 899] —Order and judgment (one paper) Supreme Court, New York County (Elliott Wilk, J.), entered on or about December 21, 1993, which denied petitioner insurer's application to vacate a no-fault arbitration award in favor of respondent claimant and confirmed the award, unanimously affirmed, with costs.

Under the circumstances, the arbitrator's decision denying the adjournment sought cannot be said to rise to the level of misconduct, and is therefore, not reviewable (CPLR 7511 [b] [1] [i]). Concur—Carro, J. P., Rosenberger, Kupferman, Nardelli and Tom, JJ.